UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.

STEPHANIE LYNN BRANSCOMB, on behalf of herself and collectively for all others similarly situated,

    Plaintiff,

vs.

NEXTERA ENERGY RESOURCES, LLC, a Foreign Limited Liability Company, and DANIEL GERARD, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Stephanie L. Branscomb ("Branscomb" or "Plaintiff") individually, on her own behalf, and collectively, on behalf of all those similarly situated, sues Defendants, NextEra Energy Resources, LLC ("NextEra" or "Corporate Defendant") and Daniel Gerard ("Mr. Gerard" or "Individual Defendant") (NextEra and Gerard are collectively the "Defendants"), and states:

## GENERAL ALLEGATIONS

1. This is an action for declaratory judgment, to recover monetary damages in the form of unpaid overtime compensation, as well as an additional amount as liquidated damages, to redress the deprivation of rights secured to Plaintiff and other employees similarly situated by the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.* ("FLSA") and for an award of attorneys' and paralegal fees and costs.

## JURISDICTION

2. This Court has subject jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), under the Fair Labor Standards Act (the "FLSA") as to Counts I and II. This Court

has supplemental subject jurisdiction over the state law claim brought in Count III under 28 USC § 1367.

3. At all times material, Plaintiff was a non-exempt employee of the Defendants.

4. At all times material, Defendants were the joint employers of the Plaintiff as the term employer is used and interpreted under the FLSA. .

5. At all times material, Corporate Defendant operated as a business organization which sells and/or markets its services and/or goods to customers throughout the United States and elsewhere and also provides its services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use electronic, digital and telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees. As such, Defendants own and operate a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

6. Upon information and belief, at all times material hereto, Corporate Defendant's annual gross revenue exceeded $500,000 per annum.

7. The Corporate Defendant's principal place of business is located in the Southern District of Florida and it is subject to the personal jurisdiction of this Court because it operates, conducts, engages in, and/or carries on business in the Southern District of Florida.

8. The Corporate Defendant is also subject to the personal jurisdiction of this Court because they it is engaged in substantial and not isolated activity within the Southern District of Florida.

**VENUE**

9. This Court is the appropriate venue based upon the following:

(a) The unlawful employment practices alleged herein occurred and/or were committed in the Southern District of Florida and,

(b) The Corporate Defendant was and continues to operate a company and employs many individuals doing business within the Southern District of Florida.

## PARTIES

10. Plaintiff was and continues to be a resident of Palm Beach County, Florida, from from where she worked for the Defendants as an Executive Assistant.

11. The Corporate Defendant misclassified Plaintiff as "salaried exempt," as it improperly did many other people working for it in similar posts.

12. Despite how she was misclassified, Plaintiff was, in fact, a "non-exempt" employee of the Defendants within the meaning of the FLSA.

13. Plaintiff worked full time for Defendants as an executive assistant for over the last twi years and is currently employed in that position.

14. The Corporate Defendant did not keep time records of the time worked by Plaintiff, or the other people similarly situated working for them.

15. Defendants did not pay Plaintiff overtime even though she was non-exempt and worked more than 40 hours per week in most, if not all, of the weeks she worked for Defendants from July, 2020 to present.

16. At all times material, the Individual Defendant, Daniel Gerard, was Plaintiff's supervisor and boss and he exercised day-to-day and overall control of the work performed by Plaintiff, her duties, her start and stop times, her schedule, demanding that she eat at her desk and that she not take private uninterrupted time to enjoy meal periods, bona fide or otherwise, demanding that she work through throughout the day and he failed to keep track of the time

sher worked and he failed to ensure that she was paid overtime when it was worked, instead demanding that she work longer hours for the same salary she was paid each week.

17. Basically, the Corporate Defendant attempted to avoid its obligation to pay overtime by knowingly and intentionally misclassifying Plaintiff as exempt, when it knew that Plaintiff was non-exempt.

18. Defendants knowingly and willfully failed to pay Plaintiff and other employees similarly situated their lawfully earned wages and overtime compensation in conformance with the FLSA.

19. The Plaintiff, and others similarly situated to her, were workers who worked for the Corporate Defendant and who were misclassified as "salaried," exempt employees, and were not paid overtime for hours they worked over 40 hours in one or more weeks over the past three years (Plaintiff, herself, has worked from July, 2020)..

20. Plaintiff typically worked five days per week, from as early as 8:00AM until at least about 5 PM. On those few occasions, when Plaintiff attempted to enjoy a meal period, they were not of sufficient duration or were interrupted such that Plaintiff was entitled to be compensated for all such time.

|           | Typical office/work schedule |     |     | Hours |
|-----------|------------------------------|-----|-----|-------|
| Monday    | 8:00AM – 5:00PM              |     |     | 9     |
| Tuesday   | 8:00AM – 5:00PM              |     |     | 9     |
| Wednesday | 8:00AM – 5:00PM              |     |     | 9     |
| Thursday  | 8:00AM – 5:00PM              |     |     | 9     |
| Friday    | 8:00AM – 5:00PM              |     |     | 9     |
|           |                        Total:|     |     | 45    |

21. In addition, Plaintiff worked some additional time when away from the office, before arriving at the office, after leaving the office after the work schedule above at night and on the weekend, including, but not limited to, when she was using the phone, texting and/or emailing because she was constantly contacted by, and had to respond to work demands, staff,

4

her boss, and others, concerning work-related demands or otherwise. Such time was in addition to the hours reflected in the table above.

22. For only a few weeks per year, Plaintiff did not work more than 40 hours/week.

23. When Plaintiff was hired initially in 2020, she was quoted an hourly rate. In February, 2021, she was given a raise and informed she would be paid an annual salary even though her position and duties remained the same. That was an indication that Defendants knew Plaintiff was exempt and entitled to be paid overtime and that they preferred to work Plaintiff harder and avoid having to pay overtime for her and others similarly situated by relying on a self-serving deception that, if Plaintiff and others were paid a salary, that would mean that they could work her and the others similarly situated for unlimited hours and avoid paying a premium rate of time and a half. When Plaintiff was notified that she would be getting a raise, she was informed that her annual salary would go from $55,016 to $56,666. Defendants never informed Plaintiff that, for any week in which she worked more than 40 hours, she would also be paid at an overtime rate of time and a half for hours worked over 40 per week. Plaintiff was paid the same amount for each of most of the weeks she worked, if not all weeks she worked, regardless of whether she worked more than 40 hours in any particular week. There were no instances whatsoever in which Plaintiff was paid overtime in weeks in which she worked more than 40 hours.

24. Plaintiff complained to the HR Department about not getting paid correctly for all hours worked and being forced to eat while working and the HR Department admitted that the Company was at fault and should have been paying her overtime and that she should speak with her supervisor/boss, Mr. Gerard.

25. Plaintiff did speak with her supervisor/boss, the Individual Defendant, Mr Gerard, whose response, among other things, was to the effect that they were very busy, if

Plaintiff took time for lunch, there would be no one present to get the work done, it wouldn't be fair to the other Executive Assistants, who were already overworked and didn't have the capacity to take on more work in her absence, that he, himself, worked through lunch and so should she, that he needed her at her work station if and when something came up that need her attention, and that Plaintiff should eat at her desk while working.

26. When Plaintiff informed Mr. Gerard what she was told by the HR department, his response was something to the effect that the HR Department didn't understand realities and the pressing needs and that everyone was overworked and that the only way work could get done was if she did not take a meal break away from her desk and that nothing was going to change and that Plaintiff should stop trying to get paid for overtime.

27. Defendants knew that Plaintiff was not exempt, that her schedule required her to work more than 40 hours per week, that she, in fact, was working more than 40 hours per week, that the time she was working was not being tracked by the Defendants, and that the Defendants were not paying Plaintiff overtime for hours worked more than 40 hours per week.

28. Defendants knew, or, exercising reasonable diligence, would have gained knowledge and did gain knowledge that Plaintiff and their other employees similarly situated were not being compensated overtime, at the rate of one and a half times the regular rate for those hours that were worked in excess of forty (40) per week, or otherwise, as required by the FLSA. Defendants knew the amount of time Plaintiff spent performing work or, with the exercise of reasonable care, could have and should have known of the existence of all of the time worked by Plaintiff.

29. Defendants knowingly and willfully operated their business with a policy of not paying overtime compensation to Plaintiff, which was in violation of the FLSA.

30. Defendants knowingly misclassified Executive assistant workers throughout the Corporate Defendant as "salaried exempt," in part, to attempt to improperly avoid paying overtime to non-exempt workers who were actually employees entitled to be paid overtime.

31. Defendants knew or should have known they were in violation of the FLSA, sufficiently so as to warrant the extension of the applicable statute of limitations from two to three years.

32. Furthermore, the notice employers are required to post to inform employees of their rights under the FLSA was not posted and/or kept current and, therefore, the applicable statute of limitation should be equitably tolled, including, but not limited to, for others similarly situated who worked more than two years without receiving overtime. See, e.g., Cruz v. Maypa, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); Yu G. Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("Failure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); Kamens v. Summit Stainless, Inc., 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

33. Defendants have violated Title 29 U.S.C. §206 and/or §207 in that, among other reasons:

   (a) Plaintiff was not paid overtime to which she was entitled; and

   (b) Defendants have failed to maintain proper time records as mandated by the FLSA.

34. Other employees similarly situated to Plaintiff were not paid overtime they had earned.

35. Plaintiff has retained Schwarzberg & Associates, P.L. to represent her (and those who join in this collective action) and has agreed to pay the Firm reasonable attorneys' and paralegal fees for its services on all levels.

36. Plaintiff has fulfilled all conditions precedent to the filing of this lawsuit and/or such conditions have been waived.

## COUNT I
## UNPAID OVERTIME COMPENSATION – DECLARATION—
## VIOLATION of 29 U.S.C. § 207

37. Plaintiff realleges and reavers the General Allegations as if fully set forth herein.

38. During Plaintiff's employment with the Defendants, she worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half.

39. Plaintiff was entitled to be paid at the rate of time and one-half for hours worked in excess of the maximum hours provided for in the FLSA.

40. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

41. Plaintiff failed to keep records of time worked by Plaintiff. Records concerning the actual compensation paid to her are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case to determine the amount due to her.

42. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

43. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

44. Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

45. Plaintiff is entitled to an award of her reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, respectfully requests that judgment be entered in her favor and for all others similarly situated who join in the action against the Defendants jointly and severally:

a. Declaring that Defendants have violated the overtime provisions of 29 U.S.C. § 207;

b. As to Plaintiff and others similarly situated:

   i. Awarding overtime compensation in the amounts to be calculated;

   ii. Awarding liquidated damages in the amounts calculated;

   iii. Declaring that the statute of limitations should be extended to three years and/or that the statute of limitation be tolled;

   iv. Awarding reasonable attorneys' and paralegal fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

   v. Awarding post-judgment interest; and

c. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE FOR HERSELF AND ALL OTHERS SIMILARLY SITUATED.**

SCHWARZBERG & ASSOCIATES
*Attorneys for Plaintiff and others who may join this collective action*
2751 South Dixie Highway, Suite 400
West Palm Beach, FL 33405
Telephone:   (561) 659-3300
Facsimile:   (561) 693-4540

By: /s/ **Steven L. Schwarzberg**
STEVEN L. SCHWARZBERG
Florida Bar No. 306134
steve@schwarzberglaw.com
mail@schwarzberglaw.com